IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-40660
Summary Calendar

FAY STUART, for Tegan M. Wilson,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeals from the United States District Court for
the Eastern District of Texas
(USDC No. 1:00-CV-705)

December 12, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Fay Stuart, on behalf of her granddaughter Tegan Wilson, brought this

action against the Commissioner of the Social Security Administration (SSA) to recover

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

social security survivor benefits allegedly due to Tegan Wilson on the theory that the SSA had negligently failed to monitor the use of the benefits sent to Wilson's mother, Traci Funderburk. Stuart claimed that Funderburk continued to receive the social security benefits in a representative capacity after her daughter had left Funderburk's residence in 1991 and had moved in with Stuart. The district court remanded the case to the SSA for further proceedings to determine the SSA's policy of verifying that a child was living with her representative payee parent during the relevant time period. We affirm.

Once Stuart notified the SSA, in 1993, that the benefits should be sent to her as the appropriate representative payee, the SSA promptly designated her the representative payee. Stuart sued, however, for benefits sent to Funderburk between the time Wilson moved in with Stuart and the time Stuart was designated the alternative representative payee and began receiving the benefits. Under 42 U.S.C. § 405(j)(5), an alternative representative payee may recover misapplied benefits in cases where the SSA's negligent failure "to investigate or monitor a representative payee results in misuse of benefits by the representative payee."

We essentially agree with the analysis of the magistrate judge below, whose report and recommendation was adopted by the district court, insofar as a remand was recommended. As explained by the magistrate judge, a determination of whether the SSA was negligent in failing to monitor Funderburk depends on what "periodic basis" it had selected for verifying that Wilson was living with Funderburk under the then-effective version of 42 U.S.C. § 405(j)(3)(B), applicable to a representative payee who is also a

2

parent of the beneficiary. The district court therefore concluded, correctly in our view, that a remand for further administrative proceedings was in order, since the record did not establish the verification policy the SSA was using during the relevant time frame. Whether the agency was negligent, and whether such negligence "result[ed] in misuse of benefits" under § 405(j)(5) (which we read as a causation requirement), turn in part on whether and the extent to which the agency violated its own policy regarding periodic verification.

Stuart complains that the magistrate judge misread the record regarding when the SSA was informed that Funderburk was no longer the proper representative payee, and that this date affects whether the SSA was negligent in failing to monitor Funderburk within one year of the effective date of the amended version of § 405(j)(3). This error if any does not, however, undermine the correctness of district court's judgment remanding the case for further proceedings so as to determine the verification policy under the earlier version of the statute. As an appellate court we review judgments, not opinions. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). Lest there be any uncertainty, however, we hold that the agency is free to revisit the issue of negligence during the period after the October 1, 1992 effective date of the amendment to § 405(j)(3).

AFFIRMED.